Diana Denise FRITTS, Personal Representative of the Estate of Jonathan Fritts, Deceased, and the Estate of Justin Fritts, Deceased, and Diana Denise Fritts, Individually, Plaintiffs,

v.

Elie R. KHOURY, M.D., Elie R. Khoury, M.D., P.C., R.S. Eldin, M.D. and The Michigan Health Maintenance Organization Plans, Inc., d/b/a Omni Health Care Plan, Defendants.

No. 96–CV–71553–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 26, 1996.

Order Denying Reconsideration
Aug. 2, 1996.

David R. Getto, Kenneth T. Watkins, Southfield, MI, for plaintiffs.

D.J. Watters, Plunkett & Cooney, Detroit, MI, David E. Manoogian, Epstein Becker & Green, P.C., Washington, DC, for Omni Care Health Plan.

John E. McSorley, Garan, Lucow, Miller, Seward & Becker, Detroit, MI, for Elie R. Khoury, M.D., R.S. Eldin, M.D.

### OPINION

DUGGAN, District Judge.

#### Introduction

Currently before the Court is plaintiffs' motion to remand the action to Wayne Coun-

ty Circuit Court (WCCC), where the underlying suit was filed on February 20, 1996.[1] Plaintiff subsequently filed an amended complaint in WCCC. *See* Def.'s Notice of Removal, Ex. B. On April 4, 1996, defendant The Michigan Health Maintenance Organization Plans, Inc., d/b/a Omni Health Care Plan (Omni Care) removed the action to this Court.[2] Through their present motion, plaintiffs contend that removal is inappropriate because the underlying action is one for medical malpractice not one under ERISA. Defendant counters that the "complete pre-emption" doctrine provides this Court with proper removal jurisdiction.

On June 19, 1996, the court heard oral arguments on this motion to remand.

### *Discussion*

■ "[T]he defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir.1989). " 'Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.' If there is any doubt as to the propriety of removal, that case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir.1996) (internal citation omitted). *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).

■ In *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256 (6th Cir.1996), the Court held that "[o]rdinarily, a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Id.* at 259. The inquiry of whether there is federal question jurisdiction under 28 U.S.C. § 1331:

is guided by the well-pleaded complaint rule, which states that "federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint." Further, "federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well pleaded complaint, and, therefore, does not authorize removal to federal court."

A corollary of the well-pleaded complaint rule, the "complete preemption" doctrine, holds that when Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Currently, the Supreme Court has found only two federal statutes to have this broad preemptive scope: § 301 of the Labor Management Relations Act, and § 502(a)(1)(B) of the Employee Retirement Income and Security Act.[3]

*Id.* (citations omitted). *See Zuniga v. Blue Cross and Blue Shield of Mich.*, 52 F.3d 1395, 1398 (6th Cir.1995).

In *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995) (*en banc* ), the Court held that:

in order to come within the exception [to the well-pleaded complaint rule] a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

*Id.* at 534. Citing the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987), the *Warner* Court stated:

---

1. The underlying action involves the death of plaintiff Diana Denise Fritts' twin boys, Jonathan and Justin Fritts on August 31, 1993. Defendants Elie R. Khoury, M.D. and R.S. Eldin, M.D. are physicians specializing in obstetrics and gynecology.

2. The other defendants consented to the removal.

3. Section 502(a)(1)(B) of ERISA is at issue in this case.

"ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." Section 1144 falls precisely into this category. It allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus, § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

46 F.3d at 534. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted"—for example under § 1144(a)—"does not establish that they are removable to federal court." *Id.* at 535 (citation omitted). *See Zuniga,* 52 F.3d at 1399; *Strong,* 78 F.3d at 260. "[I]n a nonremovable case … '[t]he federal preemption defense … would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court.'" *Strong,* 78 F.3d at 261.

Plaintiff Diana Denise Fritts, as an employee of White Castle Restaurant, was a participant in an employee benefit plan, which her employer provided through Omni Care. Following the death of her twin boys, plaintiffs filed an amended complaint alleging two counts, the second of which is negligent infliction of emotional distress and the first of which alleges medical malpractice against the doctor defendants and negligence against Omni Care in its selection and retention of physicians and health care facilities to diagnose, treat and care for Omni Care's patrons, including plaintiffs. (Am.Compl. ¶ 14).[4] Plaintiffs allege further that vicarious liability should be imposed against Omni Care because the doctor defendants were agents of Omni Care. *Id.* ¶ 16.

Section 502 of ERISA provides in relevant part:

A civil action may be brought—

(1) by a participant or beneficiary—[5]

\*    \*    \*    \*    \*    \*

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a)(1)(B). In opposition to plaintiffs' present motion, Omni Care repeats, in a conclusory fashion, that plaintiffs' action "seeks to recover, enforce and clarify ERISA benefits". *See, e.g.,* Def.'s Resp.Br. at 3 & 4. *See also id.* at 10 ("Plaintiff Fritts' claim is one to recover benefits under an ERISA plan, or to clarify rights to future benefits under a plan"). According to Omni Care, "[o]bviously, qualified and competent physicians are a *benefit* which Plaintiff claims to have been entitled to under the plan." *Id.* at 5 (emphasis added). Defendant asserts that the "clearest allegation" of Omni Care's failure to provide benefits under the plan appears in paragraph 19b of plaintiffs' complaint. That section provides in relevant part:

That the above referred to individuals [doctor defendants] were … directly employed by the Defendants, ELIE R. KHOURY, M.D., P.C. and OMNI CARE HEALTH PLAN, by and through their duly authorized agents, servants and/or employees; … and each of them, in disregard of their duties and obligations to Plaintiff's Decedents … were guilty of negligence and malpractice in the following particulars:

\*    \*    \*    \*    \*    \*

b. Failing and neglecting to provide and furnish Plaintiff, DIANA DENISE FRITTS, with the proper and necessary medical care and treatment *for which she had contracted;* [6]

Am.Compl. ¶ 19b (emphasis added). The question before the Court, therefore, is

---

**4.** Count I is brought under Michigan's Wrongful Death Statute. (Am.Compl. ¶ 25).

**5.** It is undisputed that plaintiff Diana Denise Fritts is a participant or beneficiary of a plan subject to ERISA.

**6.** The term "contracted" may refer to her contract with the defendant doctors rather than the plan contract.

whether plaintiffs' claims against Omni Care should be "converted" to ones under Section 502(a)(1)(B) of ERISA providing this Court with proper removal jurisdiction.

In *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995), which involved two consolidated cases, the plaintiffs filed suits against health maintenance organizations (HMOs) organized by U.S. Healthcare, Inc. for injuries arising from medical malpractice of HMO-affiliated hospitals and medical personnel. The HMOs removed the actions to federal court, arguing in part that the injured person in each case had obtained medical care as a "benefit" from a welfare-benefit plan governed by ERISA, and that removal is proper under the "complete pre-emption" exception to the "well-pleaded complaint" rule. *Id.* at 351. In holding that the "complete preemption" exception was inapplicable in each case, the Third Circuit reversed the district courts' dismissal of the plaintiffs' actions against the HMOs. *Id.* at 352. The first plaintiff brought suit against the HMO under an ostensible agency theory for the negligence of various doctors and other medical-service providers and under a direct negligence theory for the HMO's failure to exercise reasonable care in selecting, retaining, screening, monitoring, and evaluating the personnel who actually provided the medical services. *Id.* The other plaintiff brought similar claims. *See id.* at 353.[7]

Even assuming, without deciding, that the medical care provided is the plan benefit for purposes of ERISA, the *Dukes* Court still found removal in both cases to be improper. *Id.* at 356.

> We are compelled to this conclusion because the plaintiffs' claims, even when construed as U.S. Healthcare suggests, merely attack the *quality* of the benefits they received: The plaintiffs here simply do not claim that the plans erroneously withheld benefits due. Nor do they ask the state courts to enforce their rights under the terms of their respective plans or to clarify their rights to future benefits. As a result,

the plaintiffs' claims fall outside the scope of § 502(a)(1)(B) and these cases must be remanded to the state courts from which they were removed.

*Id.* (emphasis in original). The Court then stated that the ERISA statute "simply says nothing about the quality of benefits received". *Id.* at 357. Analogizing its case to *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir.1994), the Third Circuit concluded that "these cases do not concern a denial of benefits due or a denial of some other plan-created right. Thus, the claims here, like those in *Lupo*, bear no significant resemblance to the claims described in § 502(a)(1)(B)." *Id.* at 361. In *Lupo*, a suit was brought against the party who agreed to provide health care benefits alleging, "negligent hiring and negligent supervision" with respect to its employment of a psychotherapist "who [was] alleged to have engaged in negligent treatment and negligent misuse of privileged information." 28 F.3d at 272. The Court concluded that such claim does not bear any "significant resemblance to those described in § 1132(a)(1)(B)." *Id.*

█ Mindful that defendant carries the burden of establishing proper removal jurisdiction and that any doubt should be resolved in favor of remand, *see Conrad*, 871 F.2d at 614 and *Brown*, 75 F.3d at 864–65, the Court cannot characterize plaintiffs' medical malpractice claims and agency and direct negligence claims as federal causes of action "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan" under 29 U.S.C. § 1132(a)(1)(B). The Court rejects defendant's conclusory assertion that plaintiff Diana Denise Fritts' claim "is one to ... clarify rights to future benefits under a plan", *see* Def.'s Resp.Br. at 10. Plaintiffs' complaint makes absolutely no reference to and does not suggest in any way that plaintiff Diana Denise Fritts is concerned with *future* benefits under the plan. She seeks, on her behalf and on behalf of her deceased twin sons, to be compensated for

---

**7.** The second plaintiff alleged that the HMO was liable under an ostensible and actual agency theory for holding out a doctor as a competent and

qualified participating obstetrician/gynecologist. *Dukes*, 57 F.3d at 353.

the wrongful death of her children and her resultant injury. For the reasons stated in *Dukes*, this Court believes that plaintiffs' claims cannot be characterized as ones to recover benefits due her under the terms of her plan.

Defendant's reliance on *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir.1995), decided subsequent to *Warner*, is misplaced. In *Tolton*, unlike the present case, the plaintiffs' claims specifically included a claim for the "negligent and intentional *refusal to authorize inpatient treatment* ... in reckless disregard of [the decedent's] safety and *in violation of the insurance policy*" and for insurance bad faith. *Id.* at 939 (emphasis added).[8] In *Tolton*, the Sixth Circuit stated that "plaintiffs' claims that arise from an allegedly improper denial of benefits to an ERISA beneficiary fall squarely within section 502(a)." *Id.* at 941. Plaintiffs' present complaint does not allege any improper denial or refusal of benefits. Defendant's reliance on *Rice v. Panchal*, 65 F.3d 637 (7th Cir.1995) is similarly unavailing. In *Rice*, the plaintiff sued an insurance company under the state law theory of respondeat superior based on a defendant doctor's malpractice. In that case, the Seventh Circuit held that:

> [g]iven the purely factual nature of these inquiries, ... [the plaintiff's] claim does not involve the interpretation of the ERISA plan, and cannot be recharacterized as a suit within the scope of § 502(a)(1)(B). While the Plan will serve as evidence of [the defendant doctor's] apparent agency, the alleged agency does not necessarily rise and fall with the Plan. Rather, this is a case in which "[b]eyond the simple need to refer to the ... [Plan],

the ... [Plan] is irrelevant to the dispute...."

*Id.* at 645.[9]

For all of these reasons, plaintiffs' action was improperly removed to this Court, necessitating remand to WCCC.

Defendant Omni Care requests that if this Court should conclude that removal is improper, then this Court should nevertheless make a determination that this case is preempted by ERISA (and thus in defendant's view, "ERISA preemption" would be established "as the law of the case binding on all parties in all courts.") (Def.'s Br. at vi). This Court denies defendant's request. Having determined that this Court lacks jurisdiction, this Court cannot and should not make rulings such as requested by defendant. *See Dukes*, 57 F.3d at 355 (the district court "lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved").

### Conclusion

For the reasons stated above, plaintiffs' motion to remand is granted, and the matter remanded to Wayne County Circuit Court. An order consistent with this opinion will be issued forthwith.[10]

### OPINION AND ORDER DENYING OMNI CARE'S MOTION TO RECONSIDER, ALTER AND AMEND

On June 26, 1996, the Court issued an Opinion and corresponding Order granting plaintiffs' motion to remand the action to Wayne County Circuit Court (WCCC).[1] On July 11, defendant Omni Care filed with this Court a motion to reconsider, alter and amend the remand order pursuant to Local

---

8. The *Tolton* plaintiffs also brought claims against the health plan for malpractice of its agents and for the negligent retention of the services from a mental health benefits facility. 48 F.3d at 939.

9. The *Rice* Court's remark that it "might" have a different case if the plaintiff were claiming that the plan was negligent in selecting the defendant doctor to be a health care provider under the plan provides no precedential weight for defendant's present position. Based on the *Rice* Court's holding, *Rice* supports plaintiffs' motion.

10. At oral argument, defendant Omni Care requested that this Court stay any order of remand. This Court does not believe that such course of action is appropriate and defendant Omni Care's request is denied.

1. Defendant Omni Care with the consent of the other defendants removed the action to this Court under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

Rule 7.1 and Fed.R.Civ.P. 59(e).[2] With the Court's permission, *see* L.R. 7.1(h)(2), plaintiffs filed a response in opposition to Omni Care's motion to reconsider.

In Omni Care's present motion, it takes issue with a footnote contained in the June 26 Opinion, which reads:

> The term "contracted" may refer to her [Diana Denise Fritts] contract with the defendant doctors rather than the plan contract.

*See* Op. at 5 n. 6. Omni Care asks the Court to reconsider its "conclusion" that plaintiffs' use of the term "contracted" in paragraph 19b of the amended complaint "may" refer to Diana Denise Fritts' contract with the defendant doctors rather than the plan contract. (Def.'s Mot. to Recons. at 2 ¶¶ 3–4). Omni Care argues that:

> [a] finding that no such contract (with the doctors) existed mandates a conclusion that Plaintiff was referring to the plan contact [*sic*] in paragraph 19b of her Complaint. By this interpretation of Plaintiff's allegations it is clear that Plaintiff is claiming that Omni Care failed to provide benefits for which she contracted. This proper interpretation warrants removal under ERISA.

*Id.* at 3 ¶ 5. For the reasons stated, the Court rejects Omni Care's argument.

Under Local Rule 7.1,

> [g]enerally, and without restricting the discretion of the Court, motions for ... reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

L.R. 7.1(h)(3). "The granting of a motion to amend a judgment under Fed.R.Civ.P. 59(e) is within the sound discretion of the trial court." *McMahon v. Libbey–Owens–Ford Co.*, 870 F.2d 1073, 1078 (6th Cir.1989).

Through its present motion, Omni Care asserts that this Court's rejection of *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir.1995) and its reliance on *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995) (*en banc*) were in error.[3] Omni Care specifically asserts that this Court rejected *Tolton* "based in part on the Court's finding that plaintiff's use of the term 'contracted' in her Amended Complaint *may* have referred to her contract with the defendant doctors rather than the plan contract." (Def.'s Br. in Supp. of Mot. to Recons. at 2–3) (emphasis in original). Omni Care later states "[c]learly, the Court's conclusion that Plaintiff may have been referring to a contract with the doctors influenced its decision that Plaintiff's allegation was not one for benefits under the plan." *Id.* at 5. In light of the fact that no evidence has been offered to demonstrate the existence of a contract between Diana Denise Fritts and the defendant doctors, Omni Care asserts that this Court must reconsider its holding. *Id.*

The Court agrees with Omni Care that no evidence has been offered by plaintiffs to show that the term "contracted" in paragraph 19b of the amended complaint refers to Diana Denise Fritts' contract with the defendant doctors. However, the *Court's* decision of June 26 did not rely, at all, on footnote 6. As Omni Care realizes, the Court did not conclude, as a matter of fact, that the term "contracted" referred to plaintiff's contract with the defendant doctors. The Court "concluded" only that the term may so refer. Following that footnote, the Court discusses those cases it believed to be controlling on the issue before the Court, *i.e.* whether plaintiffs' complaint "seeks to recover, enforce and clarify ERISA benefits". (Op. at 4). The Court specifically rejected

---

**2.** Also pending before the Court are Omni Care's motion to compel discovery and an *ex parte* motion to file a brief in excess of twenty pages in support of its motion to compel.

**3.** The Court will not allow Omni Care to reargue its interpretation of the case law. "[M]otions for ... reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." L.R. 7.1(h)(3). As a result, Omni Care's argument that *Tolton* authorizes removal in this case will not be reconsidered here. *See* Op. at 7–8 for Court's resolution of this matter.

Omni Care's assertion that plaintiffs' claims are to "recover benefits," "to enforce h[er] rights under the terms of the plan," or to "clarify rights to future benefits under a plan". *Id.* at 7. In fact, this Court specifically states, in the Opinion, that "[f]or the reasons stated in *Dukes*,[4] this Court believes that plaintiffs' claims cannot be characterized as ones to recover benefits due under the terms of her plan." *Id.* at 7.[5] From the text of the Opinion and the Court's analysis, it is clear that footnote 6 played no part in the Court's ultimate decision to grant plaintiffs' motion to remand. As Omni Care has failed to "demonstrate a palpable defect by which the Court and the parties have been misled" and has failed to "show that a different disposition of the case must result from a correction thereof", Omni Care's present motion is denied.

In the alternative, Omni Care asks the Court to amend its Order to state that it involves a controlling question of law on which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation pursuant to 28 U.S.C. § 1292(b). (Def.'s Br. at 5–6). That section provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section [interlocutory decisions], shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discre-

tion, permit an appeal to be taken from such order. . . .

28 U.S.C. § 1292(b). The Court denies this request for two reasons:

> 1) the Court does not believe that this Court's decision to remand is reviewable on appeal. An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise.[6] 28 U.S.C. § 1447(d); and

> 2) the Court does not believe that this Court's order involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation". 28 U.S.C. § 1292(b).

For the reasons stated above,

**IT IS ORDERED** that Omni Care's motion to reconsider, alter and amend is **DENIED**.

**IT IS FURTHER ORDERED** that Omni Care's motion to compel discovery and *ex parte* motion to file a brief in excess of twenty pages are **DENIED AS MOOT.** *See* n. 2, *supra.*

---

4. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995).

5. In its present motion, Omni Care does not even mention *Dukes*, the case upon which this Court expressly relies in making its decision.

6. The motion to reconsider was filed on July 11, 1996. Pursuant to permission granted, *see* Local Rule 7.1(h)(2), plaintiffs filed a response in opposition to Omni Care's motion to reconsider. The Court subsequently learned that on July 11,

1996, the Clerk of the Court sent a certified copy of the Order of Remand to the Wayne County Circuit Court. Arguably, this Court no longer has jurisdiction to even consider Omni Care's motion to reconsider. *See Hubbard v. Combustion Eng'g, Inc.*, 794 F.Supp. 221, 222 (E.D.Mich. 1992) ("a district court retains jurisdiction to reconsider a remand order where a certified copy of the order has not yet been mailed to clerk of the state court to which the case is to be remanded").