Patricia KENDRICK Plaintiff,

v.

CNA INSURANCE COMPANIES,
et al., Defendants.

No. C2–98–138.

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 28, 1999.

Frederick Andrew Portman, Cloppert, Portman, Sauter, Latanick & Foley, Columbus, OH, for Plaintiff.

Philip Fred Brown, Brenner, Brown, Golian & McCaffrey, Michael D. Jeffers and Gwenn Snyder Karr, Reminger & Reminger Co., L.P.A., Columbus, OH, for Defendants.

## OPINION AND ORDER

MARBLEY, District Judge.

This matter comes before the Court on Plaintiff Patricia Kendrick's Motion to Remand. Plaintiff brings this action alleging negligence, breach of duty of care, vicarious and/or imputed liability against Defendants CNA Insurance Company, Disability Control, The Workability Center, and Richard J. Wickstrom. For the reasons stated below, Plaintiff's Motion to Remand is hereby **GRANTED**.

### I.

Plaintiff Patricia Kendrick has been an employee of Farmers Insurance in Columbus, Ohio since May 1983. Plaintiff sustained serious injuries to her right hand in work-related accidents in 1985 and 1992. As a result, she was unable to work and received workers compensation benefits from approximately May 1993 to February 1995. In 1994, Plaintiff suffered a heart attack caused by a blocked artery that required angioplasty surgery. Because of her health problems, in 1994 Plaintiff applied for disability benefits from Farmers Insurance, which gives its employees long-term disability coverage through Defendant CNA Insurance Company ("CNA"). Beginning in January 1995, Plaintiff received monthly disability payments from CNA. In December 1997, however, Plaintiff elected to accept a one-time lump sum payment from CNA instead of collecting further monthly benefits.

In December 1996, Bob Seibert from Defendant Disability Control contacted Plaintiff to schedule a vocational evaluation of Plaintiff's condition. CNA contracts with Disability Control to perform vocational evaluations on individuals receiving disability benefits from CNA. On January 16, 1997, Plaintiff was evaluated at Park Medical Center by Defendant Richard J. Wickstrom, a physical therapist. The evaluation involved a series of tests that measured manual dexterity and physical strength. During the evaluation, Wickstrom required Plaintiff perform exercises in which she repeatedly stepped on and off a stepping device, at times carrying a basket with weights varying from twenty to twenty-five pounds. While performing the exercises, Plaintiff experienced discomfort and pain in her chest. She requested to stop but was not permitted to do so. After completing the evaluation, Plaintiff contin-

ued to experience discomfort and pain in her chest. The discomfort and pain continued for the next three days until, on January 18, 1997, Plaintiff was admitted to the Ohio State University Hospital through the emergency room. On January 21, 1997, Plaintiff underwent a heart catheterization and was informed that overexertion likely caused her severe chest pain and pressure.

Based on these events, Plaintiff filed a Complaint against Defendants on December 30, 1997, in the Franklin County Court of Common Pleas. Plaintiff alleges negligence by the named Defendants in relation to her physical evaluation. Plaintiff bases her Complaint purely on state common law and raises no claims for relief pursuant to federal law. Plaintiff seeks judgment against the Defendants, jointly and severally, in an amount in excess of $25,000 plus interest and costs herein.

Defendants removed the case to the United States District Court for the Southern District of Ohio, claiming that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001—1461. and 28 U.S.C. §§ 1441 and 1446, governs Plaintiff's claims. Plaintiff now asks this Court to remand this action to the state court because ERISA does not preempt her cause of action against the Defendants.

## II.

■ Pursuant to 28 U.S.C. § 1441, a defendant has the right to remove "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States ... without regard to the citizenship or residence of the parties."[1] A cause of action will arise under federal law where the plaintiff's well-pleaded complaint raises, on its face, an issue of federal law. *See*

*Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Ordinarily, federal preemption is only a defense to a plaintiff's suit, and thus does not appear on the face of the plaintiff's well-pleaded complaint. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392—93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Moreover, such a defense does not authorize removal to federal court. *Metropolitan,* 481 U.S. at 63, 107 S.Ct. 1542. The policies underlying the well-pleaded complaint rule are that "the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court..." *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir.1995) (quoting *Caterpillar,* 482 U.S. at 398—99, 107 S.Ct. 2425).

■ There is an exception to the well-pleaded complaint rule: "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan,* 481 U.S. at 63—64, 107 S.Ct. 1542. Thus, only where an area of law is completely preempted does preemption lead to federal question jurisdiction. *See Caterpillar,* 482 U.S. at 386—87, 107 S.Ct. 2425. Despite a cause of action being preempted by a statute, that preemption does not necessarily mean that the cause of action presents a federal question. *See id.* at 398, 107 S.Ct. 2425.

ERISA regulates employee pension and welfare plans. *See* §§ 29 U.S.C. 1001—1461. An employee welfare-benefit plan provides employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability [or]

---

1. 28 U.S.C. § 1441 provides:
   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdic-

   tion, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

death," whether these benefits are provided "through the purchase of insurance or otherwise." 29 U.S.C. § 1002(1). Under ERISA, two provisions relate to preemption. First, 29 U.S.C. § 1132 is the civil enforcement provision and impliedly preempts actions brought in state court that could be brought under its provisions. *See Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir.1994). Second, 29 U.S.C. § 1144 is the express preemption provision of ERISA and preempts all nonexempt state laws as they "relate to" an employee benefit plan. *See Alexander,* 13 F.3d at 943.

### III.

As stated above, § 1144 is the ERISA preemption provision.[2] Under § 1144, ERISA preempts state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters that only "relate to" ERISA's field of concern. *See Warner,* 46 F.3d at 534. As the *Metropolitan* court stated, "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan,* 481 U.S. at 64, 107 S.Ct. 1542. Thus, removal jurisdiction does not exist under § 1144. *See id.*

The Supreme Court has found that a law relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Court, however, has maintained that some state actions may affect employee benefit plans "in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. 2890. Thus, an action may refer to an ERISA plan, but the action will not "relate to" the plan, for preemption purposes, when the action only peripherally affects the plan.

*See Crabbs v. Copperweld Tubing Prod. Co.,* 114 F.3d 85, 90 (6th Cir.1997).

Defendants cite Supreme Court decisions in *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990),to support their proposition that Plaintiff's cause of action "relates to" a benefit plan pursuant to ERISA. In *Pilot,* the Court held that where the plaintiff's common law causes of action were each based on an alleged improper processing of a benefit claim under an employee benefit plan, these causes of action "relate to" an employee benefit plan and fall under ERISA's preemption clause. 481 U.S. at 47—48, 107 S.Ct. 1549. In *Ingersoll–Rand,* the plaintiff was an employee who brought a state law wrongful discharge claim alleging that his discharge was based on the defendant employer's desire to avoid making contributions to his pension fund. 498 U.S. at 133, 111 S.Ct. 478. The *Ingersoll–Rand* court held that a state law may "relate to" a benefit plan and be preempted under ERISA, even if the law is not specifically designed to affect such a plan, or the effect is only indirect. *Id.* at 139, 111 S.Ct. 478.

In the present case, Defendants argue that the existence of a plan is essential to establishing Plaintiff's right to relief in her cause of action. Thus, Defendants assert that but for the existence of the plan, Plaintiff would have no cause of action. Defendants allege that Plaintiff took the vocational evaluation as part of an assessment as to whether she was still entitled to benefits under the plan. As such, Defendants urge that this Court must consider the plan because it "relate[s] to" Plaintiff's cause of action. Plaintiff is not arguing, however, that this vocational evaluation resulted in a benefits denial. Nor is Plaintiff arguing not to allow vocational evaluations under the plan or that she should not have

---

2. Section 1144 provides:
   "[ERISA] ...shall supersede any and all State laws insofar as they may now or here- after relate to any employee benefit plan ..."

been subjected to an evaluation. Plaintiff's contention is that, in light of her medical history, Defendants were negligent in performing the physical evaluation.

■ In this Circuit, a cause of action does not "relate to" an ERISA benefits plan if the complaint does not actually seek recovery of some ERISA benefit or does not allege an ERISA plan violation. *See, e.g., Crabbs v. Copperweld Tubing Prod. Co.,* 114 F.3d 85 (6th Cir.1997). In *Crabbs,* the court found that an employee's breach of employment contract claim did not "relate to" an ERISA benefit plan and thus, ERISA did not preempt it where the plaintiff's complaint was not seeking to recover ERISA benefits and not alleging a violation of an ERISA-covered plan. 114 F.3d at 90. In *Fritts v. Khoury,* the District Court held that the plaintiff was not seeking to recover, enforce, or clarify ERISA benefits as required for removal under ERISA preemption doctrine where the plaintiff's complaint made absolutely no reference to future benefits under the plan; but sought compensation for the wrongful death of her twin sons. 933 F.Supp. 668, 671 (E.D.Mich.1996).

In this case, Plaintiff has brought her claim against Defendants alleging negligence in the manner that Defendants performed the physical examination. Plaintiff has not asserted that the vocational evaluations should not be part of the plan, nor has she alleged that her participation in the vocational evaluation was a violation of an ERISA-covered plan. Plaintiff has made no allegations that arise under the insurance plan and, hence, that "relate to" an ERISA benefits plan. Thus, Section 1144 cannot be invoked to vest this Court with jurisdiction.

### IV.

■ The other issue addressed on this Motion to Remand is whether Plaintiff's

cause of action falls within the scope of ERISA's civil enforcement provisions of 29 U.S.C. § 1132(a).[3] Under *Alexander,* complete preemption pursuant to *Metropolitan* is limited to preemption claims under § 1132(a). 13 F.3d at 943. Thus, removal of a state cause of action to federal court is proper if ERISA preempts the cause of action and it falls within the scope of ERISA's civil enforcement provision. *See Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995). Under § 1132(a), complete preemption has two prerequisites. First, the plaintiff must be eligible to bring an action under § 1132(a). *See Tolton,* 48 F.3d at 941. In order for a plaintiff to be eligible, she must be a participant or beneficiary of an employee benefit plan and bring suit to enforce rights under the plan. *See id.* Second, the plaintiff's claim must fall within the subject matter of § 1132(a). A plaintiff's claim is within the scope of § 1132(a) where the action is one "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a).

■ The Sixth Circuit has not developed a test to determine when a claim falls within § 1132(a). In *Ouellette v. Christ Hospital,* however, the district court used the test adopted by the Seventh Circuit. 942 F.Supp. 1160, 1164 (S.D.Ohio 1996). Under the test used in *Ouellette,* "a suit brought by an ERISA plan participant is an action to 'enforce his rights under the terms of a plan' within the scope of § 502(a)(1)(B) where the claim rests upon the terms of the plan or the 'resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan].'" *Id.* (quoting *Rice v. Panchal,* 65 F.3d 637,

**3.** 29 U.S.C. § 1132(a) provides:
(a) Persons empowered to bring a civil action
A civil action may be brought—(1) by a participant or beneficiary—

(b) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan....

**820**

644—45 (7th Cir.1995)). In *Ouellette*, the court found that the plaintiff's claims for malpractice against a health maintenance organization did not rest upon the terms of the benefits plan, and resolution of her claims did not require the court to construe the terms of her benefits plan. *See id.* The plaintiff's claim against the defendant insurer focused on the relationship between the defendant insurer and the defendant hospital, and not between the plaintiff and the defendant insurer. *See id.* at 1165. The Court concluded that the plaintiff was not challenging the amount of benefits but rather the quality of the service she received. *See id.* Thus, the Court held that plaintiff's claim was not a suit to "enforce rights under the terms of a plan." *Id.*

In the present case, the first prong of *Ouellette* is satisfied. There is no dispute that Plaintiff was a "participant or beneficiary" of an employee benefit plan. As both parties agree, Plaintiff was an employee of Defendant Farmers Insurance, which provided its employees with long-term disability coverage through Defendant CNA Insurance Company. The question, therefore, is whether the action is to recover benefits under the plan, to enforce rights under the plan, or to clarify future benefit terms under the plan. 29 U.S.C. § 1132(a). None of those conditions is met here. (Pl.Compl.¶ 3). Plaintiff claims that Defendants conducted a negligent evaluation of her. Plaintiff has not stated any claims enforcing rights under the terms of a plan and Plaintiff is not claiming that she was denied benefits under the plan. Plaintiff does not rest her claim upon the terms of the plan and the resolution of Plaintiff's state law claim does not require construing the ERISA plan. Moreover, Plaintiff does not ask this court to "clarify [her] rights to future benefits under the terms of the plan."

Since Plaintiff's claim does not meet the two perquisites for complete preemption, there is no basis for § 1132 jurisdiction in this case. As such, Plaintiff's cause of action is not subjected to complete preemption.

## V.

Plaintiff's claim does not sufficiently "relate to" ERISA to be considered a federal question, nor are her claims completely preempted by ERISA. Therefore, this Court is without jurisdiction to hear this action, and Plaintiff's Motion to Remand is hereby **GRANTED**. This case is, accordingly, remanded to State Court.

**IT IS SO ORDERED.**