**Larry Eugene BENTON, for himself and other similarly situated persons, Plaintiffs,**

v.

**The VANDERBILT UNIVERSITY, Defendant.**

**No. 3–99–0796.**

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 24, 2000.

Philip Leon Davidson, Nashville, TN, for Larry Eugene Benton.

John Shannon Bryant, Walker, Bryant & Tipps, Nashville, TN, for Vanderbilt University.

## *MEMORANDUM*

TRAUGER, District Judge.

Pending before the court is the plaintiff's Motion to Remand for lack of Subject Matter Jurisdiction (Docket No. 11) and the defendant's Response (Docket No. 17). For the reasons stated herein, the plaintiff's motion will be **GRANTED.**

### *I. Facts and Procedural History*

On December 13, 1998, the plaintiff was injured in an automobile accident, when the car in which he was a passenger was struck by a vehicle driven by Zella Lynn. (Docket No. 1, attach. Ex. A, paras. 2–2.1) Mr. Benton's injuries required hospitalization and prolonged physical therapy. *Id.,*

para. 2.1. Mr. Benton has medical insurance through his employer, Bridgestone/Firestone, which is provided through Blue Cross/Blue Shield of Tennessee ("BCBST"). *Id.*, para. 2.3.

Mr. Benton's injuries were treated at Vanderbilt Hospital ("Vanderbilt"), which has signed an Institutional Agreement ("Agreement") with BCBST to serve as a Preferred Provider in its Preferred Provider Network. *Id.*, paras. 2.4–2.5. Under the terms of that Agreement, Vanderbilt agreed to provide medical services to BCBST plan members and to seek reimbursement from BCBST. (Docket No. 21, Aff. Sheri Haun, attach. Ex. A, para. 6.1) In exchange for becoming a Preferred Provider, Vanderbilt agreed to accept a reduced amount as payment for the provided services than would otherwise be charged. *Id.* According to section 6.1 of the Agreement,

> [s]uch reimbursement as is described in this section shall represent the maximum amount payable to [Vanderbilt] for Covered Services and [Vanderbilt] shall not bill any BCBST Member for any contractual difference between billed charges and such reimbursement. [Vanderbilt] agrees that in no event, including, but not limited to, non-payment by BCBST (including non-payment as a result of [Vanderbilt's] failure to submit charges in accordance with Section 6.8), rebundling or down coding of charges by BCBST (as provided in Section 6.8), BCBST's insolvency, or breach of this Agreement, shall [Vanderbilt] bill, charge, collect a deposit from, seek compensation from, or have any recourse against BCBST Members or persons, other than BCBST, acting on behalf of BCBST Members, for Covered Services provided pursuant to this Agreement.

*Id.* In addition, section 6.2 provides that the "only charges for which a BCBST Member may be liable and be billed shall be those [Vanderbilt] services not covered under the applicable Member Benefit Agreement or for applicable deductibles, copayments and/or coinsurance." *Id.*, para. 6.2. The plaintiff claims that the defendant, Vanderbilt, did not bill BCBST for the medical services provided to him as a result of his accident. (Docket No. 1, attach. Ex. A, para. 2.7)

The plaintiff filed a civil suit against Lynn in Coffee County Circuit Court, and Lynn has apparently admitted liability for the automobile accident. *Id.* at 2.2. On January 25, 1999, Vanderbilt filed a hospital lien under T.C.A. § 29–22–101, *et seq.*, against any settlement or judgment recovered by Benton in the suit against Lynn. *Id.* at 2.6; Docket No. 1, para. 2.6.

On July 13, 1999, the plaintiff filed a class action suit against Vanderbilt in the Circuit Court for Davidson County, Tennessee for abuse of process and breach of contract. The plaintiff alleges that Vanderbilt's hospital lien has injured his financial standing and interfered with his right to compromise and to settle his tort claim against Mr. Lynn. In addition, the plaintiff claims that the filing of the lien was a breach of the Agreement between BCBST and Vanderbilt, and that, as a third party beneficiary of that Agreement, the plaintiff was injured by the breach.

On August 18, 1999, Vanderbilt removed the case from Davidson County Circuit Court to this court. (Docket No. 1) Vanderbilt claims that this court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because all or part of the relief sought by the plaintiff arises under the laws of the United States, including the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq. Id.* The plaintiff filed a motion to remand the case for lack of subject matter jurisdiction on the grounds that the plaintiff's claims are solely state claims. (Docket No. 11) The defendant has responded that the case is a superseding ERISA action under the civil enforcement provisions of 29 U.S.C. § 1132(a) and is thus removable to federal court as a federal cause of action. (Docket No. 17)

## II. Analysis

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district courts have original jurisdiction over "federal question" cases, those cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The defendant removed this case from the Davidson County Circuit Court on the ground that this case presents a federal question regarding an ERISA claim.

■ In his Complaint, the plaintiff asserted claims of abuse of process and breach of contract, relating to the defendant's contract with Blue Cross / Blue Shield of Tennessee to provide medical services to insureds such as the plaintiff. (Docket No. 1, attach. Ex. A, paras. 3–4.2) On its face, the Complaint presents only state law claims. As the Supreme Court noted in *Metropolitan Life Ins. Co. v. Taylor,* "[i]t is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546; *see also Warner v. Ford Motor Co.,* 46 F.3d 531, 532–33 (6th Cir.1995). In these cases, federal subject matter exists, and the case is removable to federal court, even if the complaint alleges only state law causes of action.

■ In *Metropolitan Life,* the Court found that such "complete preemption" may apply in cases involving ERISA plans, making the cases removable to federal court. *See* 481 U.S. at 66, 107 S.Ct. at 1547. Under ERISA, state law may be preempted if it "relates to" an ERISA plan, under 29 U.S.C. § 1144(a). *See Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1275 (6th Cir.1991). As the Sixth Circuit has noted, "[t]he phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that [ERISA] plan.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 730, 732–33, 105 S.Ct. 2380, 2385–86, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)).

■ If a cause of action is found to relate to an ERISA plan, then it may be preempted, but "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life,* 481 U.S. at 64, 107 S.Ct. at 1547. As the Sixth Circuit has found, "[section] 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a result, no removal jurisdiction exists under § 1144." *Warner,* 46 F.3d at 534. In order to be completely preempted, and thus removable to federal court, the court must find that the state law cause of action "should be characterized as a superseding ERISA action 'to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Warner,* 46 F.3d at 534; *see also Toumajian v. Frailey,* 135 F.3d 648, 654 (9th Cir.1998).

Under section 1132(a)(1)(B), "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his

rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (1994). There are two separate elements that must be met for this cause of action. First, the plaintiff must be eligible to bring a claim under § 1132. The defendant has not challenged plaintiff's status as a plan member.[1] Second, the claims made by the plaintiff must be re-characterized as an action to recover benefits, to enforce rights, or to clarify rights to future benefits under the terms of his ERISA plan. If these elements are met, then the case was properly removed to this court.

■ The burden of establishing that removal was proper rests with the defendant as the removing party. See Her Majesty the Queen v. Detroit, 874 F.2d 332, 339 (6th Cir.1989). "When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims." Community Ins. Co. v. Rowe, 85 F.Supp.2d 800, 804 (S.D.Ohio 1999) (citing Amen v. City of Dearborn, 532 F.2d 554, 560 (6th Cir. 1976)). "The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true." Id. (citing Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir.1993)). If there is any doubt as to the propriety of removal, the court must remand the case to state court. See Union Planters Nat'l Bank v. CBS, Inc., 557 F.2d 84, 89 (6th Cir.1977).

There is no established test in the Sixth Circuit for determining whether a claim

falls within § 1132(a). See Kendrick v. CNA Ins. Cos., 71 F.Supp.2d 815, 819 (S.D.Ohio 1999); Ouellette v. Christ Hospital, 942 F.Supp. 1160, 1164 (S.D.Ohio 1996). Some district courts in this circuit have utilized a test established by the Seventh Circuit as a guide to making these determinations. See Kendrick v. CNA Ins. Cos., 71 F.Supp.2d 815, 819 (S.D.Ohio 1999); Ouellette v. Christ Hospital, 942 F.Supp. 1160, 1164 (S.D.Ohio 1996). In Rice v. Panchal, the Seventh Circuit followed the Supreme Court's direction[2] and reviewed the cases analyzing complete preemption under the Labor Management Relations Act ("LMRA") to find that

> [t]he common thread running through these [LMRA] cases is that complete preemption is required where a state law claim cannot be resolved without an interpretation of the contract governed by federal law. And this focus on interpretation of the contract seems well-suited to the language of § 502(a)(1)(B)[3] which concerns suits to recover benefits, determine future benefits, or enforce rights 'under the terms of the plan.' Also, it seems to jibe with the Supreme Court's § 502(a)(1)(B) complete preemption cases to date insofar as those cases involve claims that benefits were due under the terms of an ERISA plan, or state law claims that measure the quality of contractual performance, and therefore are, in effect, an interpretation of a plan. Seen in this light, we believe that a suit brought by an ERISA plan participant is an action 'to enforce his rights under the terms of a plan' within

---

1. The court ordered the defendant to submit a copy of the ERISA plan in which the plaintiff is enrolled for its review. (Docket No. 19) Along with the plan, the defendant included an Affidavit from counsel of record for Vanderbilt, John S. Bryant. (Docket No. 27, Aff. John S. Bryant) In this affidavit, Mr. Bryant states: "This summary plan description [attached] was provided to me by Phillip Davidson, counsel for Mr. Benton, and, upon information and belief, it describes the subject employee benefit plan in which Mr. Benton was a participant." Id., para. 3.

2. See Metropolitan Life, 481 U.S. at 64–66, 107 S.Ct. at 1546–47; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52–57, 107 S.Ct. 1549, 1555–57, 95 L.Ed.2d 39 (1987); Ingersoll–Rand v. McClendon, 498 U.S. 133, 144–45, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990).

3. Section 502(a)(1)(B) of ERISA is codified at 29 U.S.C. § 1132(a)(1)(B), which is the citation used by this court.

the scope of § 502(a)(1)(B) where the claim rests upon the terms of the plan or the 'resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan].'

65 F.3d 637, 644–45 (7th Cir.1995) (internal citations and footnote omitted); *see Kendrick*, 71 F.Supp.2d at 819–20 (using this test to find that plaintiff's claims were not an action under § 1132(a)(1)(B)); *Ouellette*, 942 F.Supp. at 1164–65 (same).

Another case that provides some guidance in this area is *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir.1995). In *Dukes*, the Third Circuit remanded a claim for medical negligence against a health maintenance organization because the plaintiff was not acting under § 1132. 57 F.3d at 356–58. The court found that the plaintiffs "simply do not claim that the plans erroneously withheld benefits due." *Id.* at 356; *see also Fritts v. Khoury*, 933 F.Supp. 668, 671–72 (E.D.Mich.1996) (finding that there is no § 1132 action where the plaintiff "is not concerned with future benefits under the plan" and "does not allege any improper denial or refusal of benefits"). In addition, the *Dukes* court found that an action to enforce rights under the terms of a plan was intended to "provide a means of enforcing any contract rights other than the right to benefits, as for example the various plan-created rights of plan participants to benefit-claim and benefit-eligibility procedures." 57 F.3d at 357. As the court explained,

> [i]nherent in the phrases 'rights under the terms of the plan' and 'benefits due ... under the terms of [the] plan' is the notion that the plan participants and beneficiaries will receive something to which they would otherwise not be entitled. But patients enjoy the right to be free from medical malpractice regardless of whether or not their medical care is provided through an ERISA plan.

*Id.* at 358; *see also Kendrick v. CNA Ins. Cos.*, 71 F.Supp.2d 815, 819–20 (S.D.Ohio 1999).

Finally, in *Ouellette v. Christ Hospital,* the district court considered a claim of medical malpractice against a health maintenance organization on the basis of the HMO's enforcement of a practice of limiting hospital stays through financial incentives to hospitals. 942 F.Supp. 1160 (1996). The court remanded the case to state court because the "claims do not rest upon the terms of the benefits plan nor does resolution of [the plaintiff's] claims require the Court to construe the terms of her benefits plan." *Id.* at 1164. Instead, the court found that the plaintiff's claim "focuses on the relationship between ChoiceCare [the HMO] and The Christ Hospital, not between her and Choice-Care." *Id.* at 1165.

■ The defendant in this case makes a number of conclusory statements asserting that the plaintiff's claims are an action under § 1132(a)(1)(B). First, the defendant argues that the plaintiff's standing to bring a claim as a third-party beneficiary to the Agreement between BCBST and Vanderbilt relies on his status as a participant in a BCBST plan. (Docket No. 17 at 5). Determining the plaintiff's standing "necessarily involves interpretation of the plan and whether the plan affords Plaintiff any third-party beneficiary status under the Agreement or the plan." *Id.* at 7. The defendant also argues that "what rights Plaintiff has pursuant to the Agreement, and the propriety of Vanderbilt's actions in asserting its hospital lien, are ... issues that arise out of, relate to, and necessarily involve interpretation and construction of the plan at issue." *Id.* at 5. The defendant claims "it is virtually impossible to determine how Plaintiff's claims can be resolved without construing the plan." *Id.* at 6. Finally, the defendant argues that interpretation and construction of the BCBST plan will be at issue because "Vanderbilt, for example, believes that its actions were justified and required, in part due to the requirements of the plan." *Id.* at 7.

Instead of providing the legal and factual bases for these arguments, Vanderbilt

relies almost solely on references to other ERISA preemption and removal cases as providing support for its position. Reviewing these cases, the court finds that they are unpersuasive and do not support Vanderbilt's arguments for removal. The defendant essentially relies on six cases and their holdings, none of which are binding on this court: *Ince v. Aetna Health Management, Inc.,* 173 F.3d 672 (8th Cir. 1999); *Marshall v. Employers Health Ins. Co.,* 1997 WL 809997 (6th Cir.) (unpublished opinion); *Crump v. Wal–Mart Group Health Plan,* 925 F.Supp. 1214 (W.D.Ky.1996); *Ries v. Humana Health Plan, Inc.,* 1995 WL 669583 (N.D.Ill.) (unpublished opinion); *Burke v. Smithkline Bio–Science Labs.,* 858 F.Supp. 1181 (M.D.Fla.1994); and *Walker v. HEREIU Welfare Plan 145,* 1991 U.S.Dist. LEXIS 16450 (E.D.Mich.) (unpublished opinion) (unavailable on Westlaw).

In most of these cases, the plaintiff either expressly asserted a claim under § 1132 or alleged that the defendant had violated the terms and conditions of an ERISA plan. *See Ince,* 173 F.3d at 674 (plaintiff alleged that the defendants, as ERISA plan fiduciaries, violated the terms of the plan); *Marshall,* 1997 WL 809997 at *1 (unpublished opinion) (plaintiff's original action sought a declaration of the parties' rights "under the terms and conditions of the insurance plan"); *Crump,* 925 F.Supp. at 1216, 1220 (plaintiff filed cross claim alleging that the defendant had violated ERISA itself and the terms and conditions of her specific insurance plan); *Ries,* 1995 WL 669583 at *1–2 (unpublished opinion) (plaintiff alleged numerous claims under § 1132); *Walker,* 1991 U.S.Dist. LEXIS 16450 at *3–4 (unpublished opinion) (unavailable on Westlaw) (plaintiff expressly claimed that the defendant had "violated the terms of the employee-benefits plan" and sought declaratory judgment that defendant's lien was "void and unenforceable under the terms of the plan"). Many of these cases also involved actions by the defendant to assert subrogation or reimbursement rights contained in the ERISA plan. *See Ince,* 173 F.3d at 674; *Marshall,* 1997 WL 809997 at *1 (unpublished opinion); *Walker,* 1991 U.S.Dist. LEXIS 16450 at *1 (unpublished opinion) (unavailable on Westlaw). Finally, most of these cases involved defendants who were plan principals, such as insurers or employers. *See Ince,* 173 F.3d at 674 (defendants were plan administrator and the plan insurer); *Marshall,* 1997 WL 809997 at *1 (unpublished opinion) (defendant was insurer); *Crump,* 925 F.Supp. at 1215 (defendant is employer as self-insured plan provider); *Ries,* 1995 WL 669583 at *1 (unpublished opinion) (defendants are health plan insurers); *Walker,* 1991 U.S.Dist. LEXIS 16450 at *1 (unpublished opinion) (unavailable on Westlaw) (defendants are health plan insurer and alleged tortfeasors that caused injuries).

The only case cited by the defendant that provides support for its position is *Burke v. Smithkline Bio–Science Laboratories,* which also considered a breach of contract claim brought by an alleged third-party beneficiary. *See* 858 F.Supp. at 1182. The plaintiff, as personal representative of the estate of Carol Burke, filed claims of malpractice, wrongful death, and breach of contract against various health care facilities and the ERISA plan insurers for failure to properly interpret tests and diagnose cervical cancer in a timely fashion. *See id.* The defendant insurers removed the case to federal court on the basis that the breach of contract action related to the insurance plan governed by ERISA. *See id.* at 1182–83. The court found that the breach of contract claims, concerning a contract between the employer and its health care provider, were "grounded in the administration of a qualified employee welfare plan" and "would necessarily require the interpretation of an employee benefit contract." *Id.* at 1183. Thus, the court found that those claims were preempted by ERISA and granted the defendants' motion to dismiss them. *See id.* The court then remanded the case to the state court because the remaining

claims asserted only state causes of action. *See id.* at 1183–84.

*Burke* does not offer sufficient support for the defendant's position in this case. The court did not provide any information on the nature of the breach of contract claim or on its reasoning for finding the claim to be "grounded in the administration of a qualified employee welfare plan." As a result, this court cannot determine whether this claim was based on a denial of benefits, a failure to provide adequate medical care, or some other aspect of the plan. It is also unclear whether the contract at issue was between the employer and its insurer or the employer, as self-insurer, and the health care provider. It is arguable that the *Burke* opinion provides some support for Vanderbilt's position, but even if that is true, the opinion provides only conclusory statements on this topic and is not binding on this court.

Vanderbilt has provided little basis for its removal of this case beyond the support allegedly offered by the above cases. As discussed, however, the court finds that these cases do not provide a basis for removal of this case.[4] Section 1132 permits plan participants to initiate claims to recover benefits, to enforce rights, or to clarify future rights to benefits *under the terms of the ERISA plan.* Vanderbilt is not a party to the ERISA plan in which the plaintiff is a member.[5] The plaintiff cannot enforce its rights under the plan against Vanderbilt, because the plan does not give the plaintiff any rights against Vanderbilt. Vanderbilt's only connection to the ERISA plan is that it contractually agreed to provide medical services to members of BCBST's plans at a lower cost to BCBST.

The plaintiff's claims in this case are based on the terms of the Agreement between Vanderbilt and BCBST. The plaintiff claims that he is a third-party beneficiary to that Agreement and seeks to enforce the provisions limiting Vander-

---

4. It should also be noted that the plaintiff's two supporting cases suffer from the same flaws as the cases offered by the defendant. In *Hedberg v. Zaldivar,* the court considered a case where the insurer, who had paid medical bills associated with a vehicle-bicycle collision, had asserted a lien against settlement proceeds recovered by the plaintiff in a tort lawsuit. 845 F.Supp. 569, 570 (N.D.Ill.1994). The insurer's lien was based on its contractual subrogation rights in the plaintiff's health benefits plan. *See id.* Likewise, in *In re Estate of Sheppard,* the plaintiff's representative sought a declaratory judgment that a lien by the plaintiff's father's employer was invalid. *See* 658 F.Supp. 729, 730 (C.D.Ill.1987). In *Sheppard,* the plaintiff, a minor, was injured when the car in which he was riding overturned. *See id.* The plaintiff's estate sued the auto driver's insurance company, and the plaintiff's father's employer, who paid the plaintiff's medical expenses through an employee benefits plan, asserted a lien against the settlement of the case to recover for the medical expenses. The defendant's basis for the lien, and for the assertion of federal jurisdiction, was a subrogation provision in the ERISA-governed insurance policy. *See id.* at 731.

5. In considering § 1144 claims of preemption, courts have found that there are a limit-ed number of principal ERISA plan entities: the plan, the employer, the plan fiduciaries, and the participants and beneficiaries. *See, e.g., General American Life Ins. Co. v. Castonguay,* 984 F.2d 1518, 1521–22 (9th Cir.1993); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 249 (5th Cir.1990); *Firestone Tire & Rubber Co. v. Neusser,* 810 F.2d 550, 556 (6th Cir.1987). Plan fiduciaries include those entities and individuals who are involved in administering the plan and determining benefits. *See Tournajian v. Frailey,* 135 F.3d 648, 656–57 (9th Cir.1998); *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359–60 (3d Cir.1995).

In *Memorial Hospital,* the Fifth Circuit considered a claim brought by a hospital against an employer and a group health insurer relating to the failure of the plan to cover the expenses of an individual treated at the hospital. *See* 904 F.2d at 238–39. In determining that the hospital's claims were not preempted under § 1144, the court viewed the development of ERISA as a bargain between employers, insurance providers, and employees. *See id.* at 249. The court found that "Memorial Hospital and the countless other health care providers in this country were not a party to this bargain." *Id.; see also Lordmann Ent., Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1533–34 (11th Cir.1994).

bilt's ability to seek payment for medical services from the plaintiff. The plaintiff also claims that Vanderbilt's actions in asserting a hospital lien have interfered with his ability to settle his civil lawsuit and constitute abuse of process. These are state law claims and do not, on their face, require the court to interpret the ERISA plan in which the plaintiff participates. They do not, as the *Rice* court discussed, "rest upon the terms of the plan" or require the court to construe the plan. *See Rice*, 65 F.3d at 645; *see also Ouellette*, 942 F.Supp. at 1164. The plaintiff does not seek to enforce any rights under the plan or to receive any benefits that were improperly withheld. *See Dukes*, 57 F.3d at 356–57; *see also Kendrick*, 71 F.Supp.2d at 819–20. Instead, the plaintiff's claims are concerned with the contractual relationship between BCBST and Vanderbilt, as discussed in *Ouellette*. *See* 942 F.Supp. at 1165. These are state law claims outside the scope of ERISA and should not be characterized as an action under § 1132.

Because the court finds that the plaintiff has not asserted a claim under § 1132, there is no complete preemption of his state law claims. As a result, removal of this case to the federal court was improper.[6] The plaintiff's motion to remand this case to the Davidson County Circuit Court will be **GRANTED**.

An appropriate Order will enter.

### *ORDER*

Pending before the court is the plaintiff's Motion to Remand for lack of Subject Matter Jurisdiction (Docket No. 11), and the defendant's Response thereto (Docket No. 17). For the reasons stated in the accompanying Memorandum, the Motion is **GRANTED**.

---

**6.** Any question of whether the plaintiff's claims are preempted under § 1144 must be left to the state court. Having determined that this court lacks jurisdiction, the court "lacks power to do anything other than re-

This case will be remanded to the Circuit Court for Davidson County, Tennessee.

mand to the state court where the preemption issue can be addressed and resolved." *Dukes*, 57 F.3d at 355; *see also Fritts*, 933 F.Supp. at 672.