Timothy **BURKE**, as Personal Representative of the Estate of Carol Burke, Deceased, Plaintiff,

v.

**SMITHKLINE BIO–SCIENCE LABORA-TORIES, Smithkline Beecham Clinical Laboratories, Pathologists Reference Laboratory of Southwest Fla., Inc., Brandon Family Care, Inc., Humana Inc., and Humana Medical Plan, Inc., Defendants.**

No. 94–41–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

July 5, 1994.

James William Guarnieri, Brandon, FL, for Timothy Burke.

Lee Delton Gunn, IV, Gunn, Ogden & Sullivan, P.A., Tampa, FL, Mercer Kaye Clarke, Clarke & Silverglate, P.A., Miami, FL, C. Howard Hunter, III, Freeman, Hunter & Malloy, Tampa, FL, for Smithkline Bio–Science Laboratories.

Mercer Kaye Clarke, Clarke & Silverglate, P.A., Miami, FL, C. Howard Hunter, III, Freeman, Hunter & Malloy, Tampa, FL, for Smithkline Beecham Corp.

C. Howard Hunter, III, Freeman, Hunter & Malloy, Lee Delton Gunn, IV, Gunn, Ogden & Sullivan, P.A., Tampa, FL, for Pathologists Reference Laboratory of Southwest Florida, Inc., Brandon Family Care, Inc., Humana, Inc., Humana Medical Plan, Inc.

## ORDER

KOVACHEVICH, District Judge.

This cause is before this Court on the following pending motions: Defendants', Brandon Family Care, Inc., Humana Inc., and Humana Medical Plan, Inc., Motion to Dismiss and Motion to Strike Plaintiff's Demand for Jury Trial (Docket No. 5); Plaintiff's Motion to Amend Complaint and Motion to Remand (Docket No. 13); Secretary of Labor's Motion for Leave to File Brief as Amicus Curiae (Docket No. 10) and Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion to Amend (Docket No. 25). Each of the pending motions will be considered in turn.

### I. BACKGROUND

Plaintiff, (BURKE), as personal representative of the Estate of Carol Burke, originally filed this action in the Thirteenth Judicial Circuit of Florida alleging malpractice, wrongful death and breach of contract resulting in the death of Carol Burke. Plaintiff alleges that Carol Burke died as a result of Defendants' failure to properly interpret tests and diagnose her cervical cancer in a timely fashion. Defendants, Smithkline Bio–Science Laboratories, Ltd., Smithkline Beecham Clinical Laboratories Pathologists Reference Laboratory of Southwest Fla., Inc., (LABS), filed their answer in the state court action.

Defendants, Brandon Family Care, Inc., Humana, Inc., and Humana Medical Plan, Inc., (BRANDON/HUMANA) filed a Notice of Removal on the basis of a federal question.

The federal question arose from the allegations constituting a breach of contract claim against BRANDON/HUMANA. Relying on *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (finding broad preemption of state law claims against employee welfare plans), BRANDON/HUMANA argues that such a claim is preempted by the Employment Retirement Income Security Act. (ERISA) 29 USCS § 1001 et seq.

Upon removal to this Court, Defendants, BRANDON/HUMANA, pursuant to Rule 12(b)(6), Fed.R.Civ.P., filed a Motion to Dismiss for failure to state a claim for which relief could be granted. (Docket No. 5). Defendants, BRANDON/HUMANA, also seek to strike Plaintiff's demand for jury trial. (Docket No. 5).

Plaintiff then filed a Motion to Amend Complaint (Docket No. 13) which sought to drop the breach of contract claims in the original complaint against BRANDON/HUMANA. (Counts III and IV of original complaint). As submitted, the proposed amended complaint would substitute a claim against BRANDON/HUMANA based on vicarious liability for the negligence of its agent doctors. Plaintiff further seeks remand of the amended complaint because only state law claims would remain.

## II. DISCUSSION

### A. Motion to Dismiss

The law is well settled that ERISA contains broad preemptive power where a claim involves benefits under a qualified employee welfare plan. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). To the extent that a claim seeks redress of injury caused by the administration of benefits, the claim is also preempted. *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321 (5th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992).

Plaintiff's allegations (Counts III and IV of original complaint) seeking breach of contract remedies as a third party beneficiary of the contract between an employer and its health care provider are grounded in the administration of a qualified employee welfare plan. Such allegations would necessarily require the interpretation of an employee benefit contract. This "relation to" an employee benefit contract would require preemption by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA provides the vehicle for the adjudication of such claims. This Court, therefore, lacks jurisdiction to grant relief based on the allegations contained in Counts III and IV of the original complaint. These Counts, therefore, should be dismissed.

### B. Motion to Strike Demand for Jury Trial

Defendants' basis for its Motion to Strike Demand for Jury Trial is ERISA's provisions for remedy. By dismissing those counts in the complaint which would be subject to ERISA preemption, Defendants' basis for its Motion to Strike Demand for Jury Trial has been eliminated. Plaintiff is master of his claim and may demand trial by jury. Additionally, Defendants, LABS, have likewise demanded jury trial. (Docket No. 3 at p. 3). The Motion to Strike Demand for Jury Trial should thus be denied.

### C. Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of right before a responsive pleading has been filed and thereafter by leave of the court or by written consent of the adverse party. Leave of the court shall be freely given as justice requires. Fed.R.Civ.P. 15(a). Defendants, BRANDON/HUMANA, do not contest Plaintiff's right to amend his Complaint. (Docket 20 p. 1). The amendment sought by Plaintiff relates only to Defendants, BRANDON/HUMANA. Because granting a party leave to amend is within the discretion of the Court and Defendants, BRANDON/HUMANA do not contest their right to do so, Plaintiff may amend its Complaint as proposed.

### D. Motion to Remand

The proposed Amended Complaint alleges medical malpractice by agents of Defendants, BRANDON/HUMANA and Defendants, LABS, which resulted in personal in-

juries to Plaintiff's wife. Malpractice claims which are based on the administration or denial of benefits under an ERISA covered plan are preempted. *Howard v. Parisian, Inc.,* 807 F.2d 1560 (11th Cir.1987); *Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321 (5th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992); *Dearmas v. Av–Med, Inc.,* 814 F.Supp. 1103 (S.D.Fla. 1993). Where the factual setting giving rise to a state tort claim overlaps that of an ERISA claim, ERISA does not preempt the state tort claim. *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237 (11th Cir.1989). Claims predicated on principles of medical malpractice by an agent have been found not to be preempted by ERISA. *Painters of Philadelphia District Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146 (3rd Cir. 1989); *Lancaster v. Chandra,* No. 93 C 2717, 1994 WL 33962 (N.D.Ill. Feb. 4, 1994); *Elsesser v. Hospital of Philadelphia College of Osteopathic Medicine Parkview Div.,* 802 F.Supp. 1286 (E.D.Pa.1992); *Independence HMO v. Smith,* 733 F.Supp. 983 (E.D.Pa. 1990).

■ Plaintiff's Complaint, as amended contains only malpractice claims grounded in state law. The Complaint does not allege any denial or negligence in the administration of an employee benefit plan. Because such allegations have been found to be outside the scope of ERISA, no question arising under federal law remains in the amended complaint. Because no federal question remains, this cause should be remanded to the appropriate state court.

### E. Motion for Amicus Curiae

The Secretary of Labor sought to file an amicus curiae brief in this action to enter its opinion that Congress did not intend to preempt state law medical malpractice claims with the passage of ERISA. (Docket No. 10 at p. 2). Whereas this Court has found that Plaintiff's Amended Complaint does not contain allegations preempted by ERISA, the Amicus brief is found to be unnecessary. The Secretary's Motion therefore is rendered moot.

### F. Motion to Strike Defendants' Reply

Plaintiff sought to strike as unresponsive Defendants' Reply (Docket No. 20) to Plaintiff's Motion to Amend. By the rulings contained in this order, Plaintiff's Motion to Strike (Docket No. 25) is rendered MOOT. Accordingly, it is

ORDERED that Defendants' Motion to Dismiss as to Counts III and IV (Docket No. 5) of the original complaint is GRANTED with prejudice.

ORDERED that the Motion to Strike Plaintiff's Demand for Jury Trial (Docket No. 5) is DENIED.

ORDERED that Motion to Amend Complaint (Docket No. 13) be GRANTED. The Clerk of the Court is directed to file Plaintiff's proposed Amended Complaint upon receipt of this order.

ORDERED that upon filing of said Proposed Amended Complaint, Plaintiff's Motion to Remand (Docket No. 13) is GRANTED and the Clerk of the Court is DIRECTED to REMAND this case to the Clerk of the Court for the Thirteenth Judicial Circuit for Hillsborough County, Florida.

ORDERED that upon Remand, Secretary of Labor's Motion to file Amicus Curiae (Docket No. 10) is DENIED as MOOT.

ORDERED that Motion to Strike Defendants' Reply to Plaintiff's Motion to Amend (Docket No. 25) is DENIED as MOOT.

DONE AND ORDERED.