Deborah **CACCIATORE**, Plaintiff,

v.

**LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,**
Defendant.

No. 99–2526–CIV–T–17–E.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 8, 2000.

Paul S. Kimsey, Kimsey & Associates, P.A., Tampa, FL, for Deborah Cacciatore, plaintiff.

Gregory D. Swartwood, Unger, Webster, Swartwood & Acree, P.A., Orlando, FL, for Liberty Life Assurance Company of Boston, defendant.

## ORDER ON PLAINTIFF'S MOTION TO REMAND CASE TO STATE CIRCUIT COURT

KOVACHEVICH, Chief Judge.

This is before the Court on Plaintiff's Motion to Remand case to state circuit court, (Dkt.8), and Defendant's Response and Memorandum in opposition to Plaintiff's Motion to Remand. (Dkt.10).

### I. *Standard of Review*

 A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. *See Campos v. Sociedad Aeronautica De Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D.Fla. 1994). Removal jurisdiction is limited through strict construction of the removal statutes. *See id.* "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (S.D.Fla. 1983).

### II. *Facts and Procedural History*

On or about October 7, 1999, Plaintiff, Deborah Cacciatore ("Plaintiff") filed her complaint against Defendant, Liberty Life Assurance Company of Boston ("Defendant Liberty"), in the Thirteenth Judicial Circuit, Hillsborough County. Plaintiff stated in her complaint that Defendant Liberty failed to pay disability benefits to Plaintiff pursuant to the terms of The Chase Manhattan Bank Long–Term Disability Plan ("Plan"). (Dkt.2, 10).

On November 2, 1999, Defendant Liberty filed its Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441. (Dkt.1). In its Notice of Removal, Defendant Liberty stated that Plaintiff's complaint asserted a claim under the Employee Retirement Income Security Act ("ERISA"); 29 U.S.C. § 1001, *et seq.* More specifically, Defendant Liberty asserted that ERISA preempts Plaintiff's state law claim of breach of contract.

In response to Defendant Liberty's Notice of Removal, Plaintiff filed a Motion to Remand, pursuant to 28 U.S.C. § 1447. (Dkt.8). Plaintiff asserts that Defendant Liberty failed to show facts that prove the existence of an ERISA plan. Plaintiff further argues that her complaint does not allege facts that indicate the plan is covered by ERISA; therefore, the case should be remanded to state court.

Defendant Liberty's response asserts that Plaintiff's claim is preempted by ERISA. (Dkt.10). Defendant Liberty further argues in its Notice of Removal that Plaintiff did not dispute that the plan was not covered by ERISA because Plaintiff seeks attorney's fees in her complaint under the ERISA civil enforcement statute, 29 U.S.C. § 1132.

### III. *Discussion*

The issue in this case is whether the Plaintiff's insurance policy qualifies as an "employee benefit plan" as defined by the Employment Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* To make this determination, the Court must first determine if an ERISA plan exists, if the plan was "established or maintained" by the employer, and finally, if the "safe-harbor" provision provided by 29 C.F.R. § 2510.3–1(j) exempts the insurance policy from ERISA regulation.

### IV. *Complete Preemption*

■ Federal jurisdiction can be based on either: (1) a federal question or (2) diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332. A federal court determines whether jurisdiction exists by analyzing the allegations in the complaint. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 805, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (S.D.Fla.1983).

■ The presence or absence of federal question jurisdiction is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when [a] federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In analyzing the complaint, the court must "determine whether a federal claim is necessarily presented by [the] plaintiff, even if [the] plaintiff has couched his pleadings exclusively in terms of state law." *Dean Witter Reynolds, Inc. v. Schwartz*, 550 F.Supp. 1312, 1313 (S.D.Fla.1982) (quoting *Schultz v. Coral Gables Fed. Sav. & Loan Ass'n*, 505 F.Supp. 1003, 1008 (S.D.Fla.1981)).

■ There is, however, an exception to the well-pleaded complaint rule. The exception is known as "complete preemption." *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. Thus, where the removal petition demonstrates that the plaintiff's claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No.*

*735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

■ The Supreme Court has determined that the regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Congress' intent was manifested in the statutory provisions of ERISA, which provides that ERISA shall supersede state laws insofar as they may relate to any employee benefit plan. *See* 29 U.S.C. § 1144(a). Thus, if state law claims "relate to" an ERISA plan within the meaning of ERISA's preemption provision under 29 U.S.C. § 1144(a), the claims are converted to federal claims for the purposes of removal jurisdiction. *See Taylor*, 481 U.S. at 60, 107 S.Ct. 1542.

■ "Relate to" in ERISA's preemption provision is broadly construed in that a particular state claim "relates to" an ERISA plan if the state law claim has a "connection with or reference to" an employee benefit plan. *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)).

This Court finds that Plaintiff's breach of contract claim is sufficiently "related to" the Plan for purposes of ERISA preemption. Moreover, this Court concludes that ERISA completely preempts Plaintiff's claim.

### V. *Defendant Liberty's Notice of Removal Sufficiently Demonstrated That the Plan Was Covered by ERISA*

■ Plaintiff seeks to remand because of lack of subject matter jurisdiction. A plaintiff is, necessarily, the "master of his complaint" and may choose either federal or state jurisdiction. *See Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. However, a defendant may remove a civil case to a

federal district court, pursuant to 28 U.S.C. § 1441. The burden of demonstrating that a district court has jurisdiction is on the defendant seeking removal. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989).

It is clearly established that ERISA preempts any actions that relate to employee benefit plans. *See* 29 U.S.C. § 1001(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The statutory definition of an employee benefit plan includes employee welfare benefit plans. *See* 29 U.S.C. § 1002(3). This section defines an employee welfare benefit plan as:

> ... any plan, fund, or program which is heretofore or is hereafter established or maintained by an employer or by an employee organization, or both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through insurance or otherwise, (A) medical, surgical or hospital care or benefits in the event of sickness, accident, disability, death or unemployment....

29 U.S.C. § 1002(1).

In *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982), the Eleventh Circuit defined an "employee welfare benefit plan" by creating a test that determines if a "plan, fund or program" exists. *See id.* at 1371–73. The test states that a "plan, fund or program under ERISA is established if, from the surrounding circumstances, a reasonable person could ascertain the intended benefits, class beneficiaries, source of financing, and the procedures for receiving benefits." *Id.* at 1373.

This Court finds that a reasonable person could ascertain the above listed criteria. First, it is clear that the monies sought through Plaintiff's medical claims are the intended benefits. Second, it is clear that Plaintiff is the beneficiary. Lastly, Plaintiff demonstrated the procedures for receiving the benefits when Plaintiff submitted the medical claims to the Defendants. Therefore, Defendant Liberty has sufficiently demonstrated that ERISA covers this plan.

## VI. *This Plan Does Not Fall Within the Safe Harbor Provision*

██ In Plaintiff's motion to remand, Plaintiff argue that the insurance plan is exempt from ERISA regulation under the "safe harbor" provision provided by 29 C.F.R. § 2510.3–1(j). While Plaintiff argues the plan is exempt, Plaintiff offers no evidence or facts to demonstrate that the plan conforms to the "safe harbor" provisions. Plaintiffs' only argument is that Defendant Liberty has failed to prove that the plan is not exempt from the "safe harbor" provisions.

To qualify for the "safe harbor" exception, a plan must satisfy the following requirements:

> (1) No contributions are made by an employer or employee organization;

> (2) Participation in the program is completely voluntary for employees or members;

> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues check-offs and to remit them to the insurer, and

> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues check-offs.

29 C.F.R. § 2510.3–1(j).

After consideration, the Court concludes that the insurance plan in this case does not satisfy the "safe harbor" provision. Criteria one requires that no contributions be made by an employer or employee or-

ganization. In this case, Chase makes contributions in certain instances.

Criteria three requires that an employer seeking the "safe harbor" exemption refrain from any activities other than allowing the insurer to publicize the program and collect premiums. *See Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1213 (11th Cir.1999). Chase, the employer, has done more than merely publicize the plan. In fact, the employer serves more than one important function. The insurance policy in this case was issued to Chase Manhattan Bank and certain affiliated companies as the group policyholder. The Reprint of the 1997 CHASE*Choice* Plan Reference Brochure outlines the group policy. The policy provides income protection if an employee is sick or disabled and unable to work. The Chase plan offers a medical leave plan and a long-term disability plan, in which Liberty Mutual Group is the insurer, to provide income protection for employees who become sick, or are disabled for periods of time. Chase serves as the Plan Sponsor, Plan Administrator, and the Plan Trustee.

Furthermore, with regard to whether the plan is governed by ERISA, page 12.3 of the Chase Manhattan Bank guide to benefits at Chase states that, "All of the following plans, including long-term disability insurance, are governed by ERISA."

This Court finds that the surrounding circumstances indicate that the employer, Chase, endorsed the policy, rather than merely publicizing it. These same facts support that Chase intended to establish the policy as an ERISA plan in order to provide disability insurance coverage for its employee. In short, this court finds that the policy is an ERISA plan within the Eleventh Circuit's general definition because: (1) the policy is a "plan" (2) established or maintained (3) by the employer (4) for the purpose of providing disability benefits (5) to participating employees. *See Dillingham*, 688 F.2d at 1370.

### VII. *Conclusion*

For the reasons discussed above, Plaintiff's state law claim is completely preempted by federal law, giving this court federal question subject matter jurisdiction. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand case to state circuit court, (DKt.8), be **DENIED**.