**Ruby THOMAS, Plaintiff/Counter–Defendant,**

v.

**ADMINISTRATIVE COMMITTEE OF THE WAL–MART STORES, INC. ASSOCIATES HEALTH AND WELFARE PLAN, Defendant/Counter–Plaintiff.**

No. 8:02–CV–86–T–17MSS.

United States District Court, M.D. Florida, Tampa Division.

April 16, 2002.

Linnes Finney, Jr., Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Ft. Pierce, FL, Thomas E. Weiksnar, Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Stuart, FL, for plaintiff.

Raymond S. Castro, Raymond S. Castro, P.A., Tampa, FL, Thomas H. Lawrence, John M. Russell, Lawrence & Russell, LLP, Memphis, TN, for defendant.

### ORDER ON PLAINTIFF'S MOTION TO REMAND CASE TO STATE CIRCUIT COURT

KOVACHEVICH, District Judge.

This cause comes before the Court, on the Plaintiff/Counter–Defendant's (hereaf-

ter Plaintiff) Motion to Remand this case to state circuit court, (Docket No. 6), and Defendant/Counter–Plaintiff's (hereafter Defendant) Response in Opposition to Plaintiff's Motion for Remand. (Docket No. 8).

## STANDARD OF REVIEW

A district court, "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. *Cacciatore v. Liberty Life Assurance Co. of Boston*, 85 F.Supp.2d 1282, 1283 (M.D.Fla.2000) (citing *Campos v. Sociedad Aeronautica De Medellin Consolidada, S.A.* 882 F.Supp. 1056, 1057 (S.D.Fla.1994)). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (S.D.Fla. 1983). "The well-pleaded complaint rule generally makes the plaintiff the master of the claim; in the vast majority of cases, he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Complete preemption is an exception to the well-pleaded complaint rule and, when established, "the state law claims that are held to be completely preempted give rise to 'federal question' jurisdiction." *Krasny v. Waser*, 147 F.Supp.2d 1300, 1304 (M.D.Fla.2001).

## FACTUAL AND PROCEDURAL HISTORY

Ruby Thomas ("Thomas"), individually and as Personal Representative of the Estate of Ramona L. Green, requests that this court enter a remand order to return this case to the Polk County Circuit Court for the equitable distribution of a wrongful death settlement. The Administrative Committee of the Wal–Mart Stores, Inc. ("Committee") opposes the remand on its right to reimbursement from the estate's third party settlement, under its Associates Health and Welfare Plan, an ERISA issue requiring preemption of the state law claims.

On September 4, 1997, Ramona L. Green was involved in a traffic accident with Dirk Jason Harrington. She subsequently died on December 14, 1997, in part, from her injuries sustained or aggravated in the collision. Prior to her death, her employer, Wal–Mart Stores, Inc. provided medical benefits to her as a participant in its Associates Health and Welfare Plan ("Plan"). The Plan is a self-funded, employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). As such, the Plan contains a "Right of Reduction, Reimbursement, and Subrogation" allowing a "right to reimbursement, to the extent of benefits paid, when a plan participant (or personal estate representative) makes a recovery from the third party responsible for the injuries." Prior to Ramona Green's death, the Plan paid $75,196.88 in medical benefits for her accident-related injuries. The Committee now seeks reimbursement, as a first lien holder, through the Plan's authorizing provision.

Thomas filed a Petition for Approval of Settlement, Approval of Payment of Attorney Fees and Costs, and an Order Directing Payment of Settlement Funds in the Polk County Circuit Court, to recover from Dirk Harrington his $50,000 insurance policy limit through State Farm, his insurance company. Thomas also filed a

Petition for Equitable Distribution, listing the Plan as asserting a claim, but not making a filing with the court, for the $75,196.88 reimbursement. Among others, the request for equitable distribution includes Green's surviving minor children. Because their lien exceeded the policy limit, the Plan Administrators agreed to decrease the lien to $41,008.55, allowing for reasonable attorney fees. As a result of the estate's attempt to reduce the Plan's lien through the request for equitable distribution, the Committee subsequently removed the state court action to the district court claiming federal question jurisdiction to enforce the Plan's reimbursement provision under the ERISA complete preemption doctrine. As a consequence to the removal, Thomas filed a Motion to Remand claiming this action is a state court claim under the Florida wrongful death statutes (§§ 768.16–768.27).

## DISCUSSION

Thomas requests that this Court to remand the case back to the Polk County Circuit Court as a question of state law. The Committee opposes the remand because the plan has a right to full reimbursement and, as such, Thomas' claim is completely preempted by ERISA. This Court agrees that ERISA completely preempts Thomas' state wrongful death claim and equitable distribution, thus providing this Court with federal question jurisdiction.

Thomas makes two arguments that this claim should be remanded back to state court. First, Thomas claims that the approval of a settlement and apportionment of a minor's interest were not federal question issues subject to a removal action under 28 U.S.C. § 1441. Second, Thomas argues that the Plan can only recover medical reimbursement, under the Florida wrongful death statutes, as against Ramona Green's estate, and not the separate and independent claims of her surviving

husband and minor children. Thomas agrees that, "the portion of the settlement that goes to the estate for their damages, as a survivor, are subject to the reimbursement which the committee for the Plan references." Each of Thomas' arguments will be considered separately.

### ERISA and Complete Preemption

■ Thomas first argues that the approval of settlement and apportionment of a minor's interest are not federal question issues subject to removal action under 28 U.S.C. § 1441. This Court disagrees.

■ The Committee correctly argues that Thomas' state law claim and request for equitable distribution is completely preempted by ERISA. Complete preemption "occurs when the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. The Committee's argument centers on the interpretation that ERISA "supercedes state laws" when the state law claim "relates to" an employee benefit plan. *Cacciatore*, 85 F.Supp.2d at 1284. Courts broadly construe "relates to" if the state law claim has a "connection with or reference to" an employee benefit plan. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Specifically, ERISA will preempt a state law claim when "allegations would necessarily require the interpretation of an employee benefit contract," *Burke v. Smithkline Bio-Science Laboratories*, 858 F.Supp. 1181, 1183 (M.D.Fla.1994), since "one of the primary functions of ERISA is to ensure the integrity of written, bargained-for benefit Plans." *United McGill Corp. v. Stinnett*, 154 F.3d 168, 172 (4th Cir.1998).

Here, the Committee paid medical benefits on behalf of Ramona Green, as a Wal–

Mart employee, under the Plan which included the following provision:

> The Plan has the right to reduce or deny benefits ... and to recover or subrogate 100 percent of the benefits paid or to be paid by the Plan on your behalf ... to the extent of any and all of the following payments: Any judgment, settlement, or any payment made or to be made relating to the accident, including but not limited to other insurance.... [T]he Plan's right to reduction, reimbursement, and subrogation applies to any funds recovered from another party by or on behalf of the estate of any covered person.

This Court is bound to interpret the Plan as an employee benefit contract to decide whether the Plan clearly established that it was entitled to recover the full amount of its lien. On its face, the Plan has clearly states its right to subrogate "100 percent of the benefits paid or to be paid by the Plan." This provision specifically claims the "right to ... reimbursement ... to any funds recovered from another party by or on behalf of the estate of any covered person." Thomas settled the wrongful death claim against the driver, Dirk Harrington and his insurer, State Farm Automobile Insurance Co., for the $50,000 policy limit on behalf of Ramona Green's estate. Ramona Green, as a Wal-Mart employee, was a covered person under the Associate Health and Welfare Plan. Thus, as interpreted under the language of the Plan, this settlement clearly amounts to "funds recovered from another party by or on behalf of any covered person." This Court must also interpret the Plan provision to determine whether any surviving beneficiaries are entitled to equitable distribution because the settlement amount is less than the Plan's lien.

Defendant also correctly argues that the Florida wrongful death statutes are preempted by ERISA, to the extent that the state law precludes operation of the Plan's reimbursement provision.

In a well-reasoned opinion, the Fourth Circuit Court of Appeals held, "a state statute that would alter these benefits [as expressed in an employee benefit plan] would impermissibly interfere in an area preempted by ERISA." *McInnis v. Provident Life & Accident Ins. Co.,* 21 F.3d 586, 588, 590 (4th Cir.1994). The Court, addressing the right of an estate to the recovery of damages under the North Carolina Wrongful Death Statute, found it was preempted by ERISA "to the extent that the state law precludes the operation of the terms of the 'Acts of Third Parties' clause to the plan." *Id.* The facts in *McInnis* are on point with those in the case at bar. Mrs. McInnis died as the result of an automobile accident. *Id.* at *587.* Mrs. McInnis was a covered person under an ERISA-based benefit plan provided by her employer. *Id.* Mr. McInnis settled a wrongful death claim with the driver's insurance company. *Id.* The employer sought to recover reimbursement of medical expenses paid by the employer under the benefit plan. *Id.* In holding for the employer, the court gave "the plan's terms and conditions full effect, because to do otherwise would undermine not only the agreement between the parties but the expectations of all other plan participants who have an interest in the plan's funds and benefits." *Id.* at 590.

This rationale is consistent with this Court's reasoning in *Burke* stating that ERISA preempts state claims involving the interpretation of an employee benefit plan. *Burke,* 858 F.Supp. at 1183. State wrongful death claims, made on behalf of an estate, may have a sufficient connection with or reference to an employee benefit plan's reimbursement provision to be completely preempted by ERISA. Here, Florida Statute section 768.21(6)(b) allows

an estate to recover damages for "medical expenses." The estate's settlement of the wrongful death claim resulting from Green's injuries is sufficiently "connected with" the Plan's right to reimbursement for any medical expenses paid on her behalf under the Plan.

This Court, therefore, holds that sections 768.16–768.27 of the Florida Statutes interfere with the operation of an employee benefit plan to the extent that it may preclude operation of a reimbursement provision interpreted under an ERISA regulated employee benefit contract. Such an interference will provide federal question jurisdiction, under the ERISA complete preemption doctrine, upon removal to this Court.

The complete preemption issue appears to be duel of legislative intent: the state striving to allow damages recovery for the survivors of a wrongful death, and Congress' continuing efforts to regulate employee benefit plans. Although it appears that equities would favor those plaintiffs attempting to receive compensation for a wrongful death, complete preemption requires a finding in favor of removal action for employee benefit and welfare programs relating to a state law claim. Only Congress can wield the sword of change to narrow ERISA's broad interpretation of what "relates to" an employment benefit plan.

### Separate and Independent Claims

As to Thomas' second argument that the Plan may only recover as to Green's estate and not as to the survivors, since the survivors have separate and independent claims, this Court disagrees.

Thomas argues that section 768.21(6)(b) of the Florida Statutes allows a personal representative to recover, "medical or funeral expenses due to the decedent's injury or death that have become a charge against her or his estate or that were paid by or on behalf of decedent." Thomas

agrees that the Plan may recover its lien from the settlement that would have been apportioned to Green's estate. Thomas, however, argues that Green's survivors have separate and independent claims under the statute that avoid ERISA preemption. Moreover, Thomas argues that section 768.25 prevents apportionment of a settlement "which affects a survivor who is a minor or an incompetent shall be effective unless approved by the court," and as such, the circuit court is the proper forum for approval of the settlement and apportionment.

The Committee correctly argues that its claim for reimbursement is a separate and distinct claim against Green's estate under removal jurisdiction. 28 U.S.C. § 1441(c) provides that:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law dominates.

■ A claim is "separate and independent" when it involves more than the single wrong alleged in the complaint. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Committee correctly states that Thomas, as the personal representative of Ramona Green's estate, sought relief from a third party for injuries suffered by the decedent Green that arose from the automobile accident. The estate filed a claim against the Plan seeking an equitable distribution order to reduce the Plan's lien. The estate's claim against the Plan, however, involves rights under an ERISA plan and the Plan's right to reimbursement, a wholly separate and independent claim

**1302**

from the wrongful death settlement. The Committee has a separate and independent claim since the estate challenged its right to full reimbursement. This challenge involves more than the "single wrong" involved in the decedent's wrongful death. Thomas could have, in the alternative, sought relief through a separate claim only against the Plan in an attempt to avoid removal of the remaining state law claims.

Under 28 U.S.C. § 1441(c), this Court may determine the otherwise nonremovable claims, including those enumerated under Florida Statute section 768.25, regarding the rights of surviving minors. This Court has the jurisdiction to determine "all issues therein" involving both the wrongful death settlement and the Plan's right to reimbursement lien under ERISA. This Court holds that since all claims in the case at bar are not related to the employee benefit plan, but include the right of survivors's to recovery under a wrongful death settlement, the claims are separate and independent as required by 28 U.S.C. § 1441(c).

Since the Plaintiff's state law claim is completely preempted by ERISA, the preemption provides this Court federal question jurisdiction under 28 U.S.C. § 1331. Further analysis results in finding the Committee as having a separate and independent claim under 28 U.S.C. § 1441(c). Accordingly, it is:

**ORDERED** that the Plaintiff/Counter-Defendant's Motion for Remand to State Circuit Court (Docket No. 6) be **denied.**